UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Cause No: 1:21-cr-00134-RLY-MJD |
| CHARLES PIEL, | ) | |
| | ) | |
| Defendant. | ) | |


## AMENDED PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT

The United States of America, by counsel, John E. Childress, Acting United States

Attorney for the Southern District of Indiana, and Kristina M. Korobov, Assistant United States

Attorney ("the Government"), and the Defendant, CHARLES PIEL ("the Defendant"), in person

and by counsel, Gwendolyn Beitz, hereby inform the Court that a Plea Agreement has been

reached in this case pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The following

are its terms and conditions:

### Part 1: Guilty Plea and Charges

1. **Plea of Guilty:** The Defendant, having waived the right to indictment by a grand

jury, petitions the Court for leave to enter and agrees to enter a plea of guilty to the following

offenses charged in the Information:

    **A.** Count 1, which charges that the Defendant committed the offense of Sexual

Exploitation of a Child / Attempt Sexual Exploitation, in violation of Title 18, United

States Code, Sections 2251(a) and (e).

**B.**	Count 2, which charges that the Defendant committed the offense of Distribution and Receipt of a Visual Depiction of a Minor Engaged in Sexually Explicit Conduct, in violation of Title 18, United States Code, Section 2252(a)(2) and (b)(1).

**2.	Potential Maximum Penalties**:

**A.**	Sexual Exploitation of a Child as charged in the Information is punishable by a maximum sentence of life imprisonment, a $250,000 fine, and a lifetime of supervised release following any term of imprisonment.  The minimum sentence is 35 years of imprisonment and 5 years of supervised release.

**B.**	Distribution and Receipt of Child Pornography as charged in the Information is punishable by a maximum sentence of 40 years of imprisonment, a $250,000 fine, and a lifetime of supervised release following any term of imprisonment. The minimum penalty is 15 years of imprisonment and five years of Supervised Release.

**3.	Elements of the Offense:**  To sustain the offenses to which the Defendant is pleading guilty, the Government must prove each of the following elements beyond a reasonable doubt:

**A.	Sexual Exploitation of a Child (and Attempt)**

**i.**	The Defendant did knowingly employ, use, persuade, induce, entice, and coerce a minor and did attempt to do so;

**ii.**	To engage in any sexually explicit conduct, as such conduct is defined in 18 U.S.C. §2256(2);

**iii.**	For the purpose of producing any visual depictions of such conduct; and

    **iv.**       While knowing or having reasons to know that such visual depictions would be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed; <u>or</u> such visual depictions were produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including a computer, <u>or</u> such visual depictions were actually transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

    **v.**       The Government must also prove that the Defendant had two or more convictions under the laws of any state relating to aggravated sexual abuse, sexual abuse, abusive sexual contact involving a minor or ward, or sex trafficking of children, or relating to the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography.

**B.**    **Distribution and Receipt of a Visual Depiction of a Minor Engaged in Sexually Explicit Conduct**

    **i.**       The Defendant knowingly distributed and received a visual depiction using any means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce, by any means including by computer; and

    **ii.**       the production of such visual depiction involved the use of a minor under the age of 18 years engaging in sexually explicit conduct; and

    **iii.**       such visual depiction was of such minor engaged in sexually explicit conduct; and

**iv.** the Defendant knew that at least one of the persons in such visual depiction was a minor under the age of 18 years and knew that the visual depiction was of such minor engaged in sexually explicit conduct.

**v.** The Government must also prove that the Defendant had a prior conviction under the laws of any state relating to aggravated sexual abuse, sexual abuse, abusive sexual contact involving a minor or ward, or sex trafficking of children, or relating to the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography.

## Part 2:  General Provisions

**4.** **18 U.S.C. § 3553(a) and Sentencing Guidelines:** The Defendant agrees and understands that should this Court accept this plea agreement, the Court will sentence the Defendant to the specific sentence set forth in paragraph 9, below.  The Defendant agrees and understands that the Court, in deciding whether to accept or reject the specific sentence set forth in paragraph 9, below, will (A) consider the factors set forth in 18 U.S.C. § 3553(a), and (B) consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.").  The Defendant also agrees and understands that the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature, and that the final determination concerning the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court.

**5.** **Rule 11(c)(1)(C), Fed. R. Crim. P.:** The Defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(C) and that the specific sentence set forth in paragraph 9, below, is the appropriate disposition of this cause.  The parties understand that the Court must accept or reject the sentence specified in this Plea Agreement.  If

the Court rejects this Plea Agreement, then either party may withdraw from this Plea Agreement. The Defendant acknowledges that pursuant to Fed. R. Crim. P. 11(c)(3), (4) and (5), if the Court rejects the Plea Agreement, the Court will advise the Defendant personally in open court that the Court is rejecting the Plea Agreement and the Court will afford both parties the opportunity to then withdraw the Plea Agreement.

6. **Plea Agreement Based on Information Presently Known:** The Defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the Government. The Government agrees not to bring other federal charges against the Defendant based on information currently known to the United States Attorney for the Southern District of Indiana. The Government will inform the Court and the Defendant at the time of taking the Defendant's plea whether the Government has obtained any information after the Plea Agreement was signed that may warrant bringing other federal charges against the Defendant.

7. **No Protection from Prosecution for Unknown or Subsequent Offenses:** The Defendant acknowledges and agrees that nothing in this agreement shall protect the Defendant in any way from prosecution for any offense not specifically covered by this agreement, or not known to the United States Attorney for the Southern District of Indiana at this time. The Defendant further acknowledges and agrees that nothing in this agreement shall protect the Defendant in any way from prosecution for any offense committed after the date of this agreement.

8. **Rights Under Rule 11(b), Fed. R. Crim. P.:** The Defendant understands that the Government has the right, in a prosecution for perjury or false statement, to use against the Defendant any statement that the Defendant gives under oath during the guilty plea colloquy. The Defendant also understands that the Defendant has the right: (A) to plead not guilty, or

having already so pleaded, the right to persist in that plea; (B) to a jury trial; (C) to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceedings, including appeal; and (D) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.  The Defendant also understands that the Constitution guarantees the right to be considered for release until trial[1]; and if found guilty of the charge(s), the right to appeal the conviction on such charge(s) to a higher court.  The Defendant understands that if the Court accepts this plea of guilty, the Defendant waives all of these rights.

<u>Part 3:  Sentence to be Imposed</u>

**9.** **Agreed Upon Sentence Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C):** The parties agree that the following sentence is the appropriate disposition of this cause:

**A.** **Imprisonment:** The Defendant shall be sentenced to a term of imprisonment of no more than 40 years.

**B.** **Extent of Rule 11(c)(1)(C) Agreement:**  The provisions set forth in paragraph(s) 9, above, is the only provision(s) of this Plea Agreement subject to the provisions of Fed. R. Crim. P. 11(c)(1)(C).

**10.** **Supervised Release:**  Both parties reserve the right to present evidence and arguments concerning whether the Court should impose a term of supervised release to follow any term of imprisonment in this case, the duration of any term of supervised release, and the terms and conditions of the release.

**11.** **Conditions of Supervised Release:**  The parties understand and agree that the

---

[1]Title 18, U.S.C. §§ 3141-3156, <u>Release and Detention Pending Judicial Proceedings</u>.

Court will determine which standard and special conditions of supervised release to apply in this case. The parties reserve the right to present evidence and arguments concerning these conditions. However, to assist the Court, the parties have carefully considered the factors listed in 18 U.S.C. § 3553 and jointly recommend that the Court impose the Special Conditions of supervised release set forth below, in addition to any other Standard and Special Conditions which the Court deems appropriate in this case:

**SEE ADDENDUM A**

## Part 4: Monetary Provisions and Forfeiture

12.     **Mandatory Special Assessment:** The Defendant will pay a total of $200 on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

13.     **Fine:** Parties may present argument on the issue of fine.

14.     **Restitution:** Defendant understands and agrees that the Mandatory Victim Restitution Act, 18 U.S.C. §3663A, applies and that the Court is required to order the Defendant to make restitution to all the victims of his crimes. There is no agreement as to the amount of restitution. Defendant agrees that the amount of restitution ordered by the Court shall include Defendant's total offense conduct and is not limited to the counts of conviction. The Defendant agrees to pay restitution for all losses caused by the Defendant's conduct, regardless of whether counts of the Information dealing with such losses will be dismissed as part of this plea agreement. This includes restitution to any minor whose exploitation images were possessed by the Defendant. Defendant also agrees that any restitution ordered by the Court shall not be dischargeable in any bankruptcy proceeding, and the Defendant will not seek or cause to be

sought a discharge or a finding of dischargeability of the restitution obligation. The Court shall order restitution under 18 U.S.C. §2259 in an amount to be determined by the Court as follows:

A.      **Determining the full amount of a victim's losses.**  The Court shall determine the full amount of the victim's losses that were incurred or are reasonably projected to be incurred by the victim as a result of the sexual exploitation and trafficking in child pornography depicting the victim under 18 U.S.C. §2259(b) and (c)(2).

B.      **Determining a restitution amount**.  After completing the determination required under subparagraph (A), the Court shall order restitution in an amount that reflects the Defendant's relative role in the causal process that underlies the victim's losses, but which is **no less than $10,000 each for Minor Victim 1 and Minor Victim 2**.  For all other victims whose images were distributed, received, transported, or possessed by the Defendant, regardless of whether the victim is included in a count of conviction, the Defendant will pay at least **$3000** in restitution to that victim. These funds are intended to allow each person to obtain counseling, support, treatment, or other assistance related to victimization.

C.      **Ongoing investigation:**  The parties understand that the United States has not yet determined through its investigation whether any other victims can be identified or will seek such restitution.

D.      **Payment schedule:**  The Defendant agrees that, while the District Court sets the payment schedule, this schedule may be exceeded if and when the Defendant's financial circumstances change.  In that event, and consistent with its statutory obligations, the Government may take any and all actions necessary to collect the maximum amount of restitution in the most expeditious manner available.

**15.** **Special Assessments for offenses committed after December 7, 2018:**

    **A.** **JVTA Special Assessment:** The Court shall order the Defendant to pay a special assessment per count as required by the Juvenile Victims of Trafficking Act (JVTA) Special Assessment of **$5,000**, unless the Court determines that the Defendant is indigent. 18 U.S.C. §3014.

    **B.** **18 U.S.C. §2259A Special Assessment**: If the Defendant is convicted of violating 18 U.S.C. §2251(a) for an offense involving the production of child pornography, then the Court shall order an additional Special Assessment of **up to $50,000 per Count**. 18 U.S.C. §2259A(a)(3).

    **C.** **Determining the Amount of 18 U.S.C. §2259A assessment:** The Court shall consider the factors under 18 U.S.C. §3553(a) and §3572 including the Defendant's income, earning capacity, and financial resources in determining the amount of the 18 U.S.C. §2259A child pornography assessments within the range indicated.

    **D.** **Effect of Other Penalties:** Imposition of the 18 U.S.C. §2259A does not relieve a Defendant of or entitle a Defendant to reduce the amount of any other penalty by the amount of the assessment.

    **E.** **Disbursement of payments:** Any money received from a Defendant shall be disbursed so that each of the following obligations is paid in full in the following sequence:

        i.    A special assessment under 18 U.S.C. §3013.

        ii.    Restitution to victims of any child pornography offense that the Defendant committed (charged or uncharged conduct).

        iii.    A child pornography assessment under 18 U.S.C. §2259A.

iv. Any other amount imposed under section of Title 18 of the United States Code, including any JVTA assessment under 18 U.S.C. § 3014.

v. All other fines, penalties, costs, and other payments required under the sentence.

16. The Defendant agrees that, while the District Court sets the payment schedule, this schedule may be exceeded if and when the Defendant's financial circumstances change. In that event, and consistent with its statutory obligations, the Government may take any and all actions necessary to collect the maximum amount of restitution in the most expeditious manner available.

17. **Obligation to Pay Financial Component of Sentence**: If the Defendant is unable to pay any financial component of the Defendant's sentence on the date of sentencing, then the Defendant agrees that the payment of the financial component should be a condition of supervised release. The Defendant has a continuing obligation to pay the financial component of the sentence. The Defendant further agrees that as of the date of filing this Plea Agreement the Defendant will provide all requested financial information, including privacy waivers, consents, and releases requested by the Government to access records to verify the Defendant's financial disclosures, to the Government for use in the collection of any fines, restitution, and money judgments imposed by the Court and authorizes the Government to obtain credit reports relating to the Defendant for use in the collection of any fines and restitution, and money judgments imposed by the Court. The Defendant also authorizes the Government to inspect and copy all financial documents and information held by the United States Probation Office. If the Defendant is ever incarcerated in connection with this case, the Defendant may participate in the Bureau of Prisons Inmate Financial Responsibility Program.

18.     Defendant understands that any forfeiture order entered by the court is mandatory and is a part of Defendant's sentence**.**  Defendant stipulates and agrees to the immediate entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2(b)(2), against Defendant, directly forfeiting each of the following property items, which the parties stipulate and agree constitute property items that Defendant used or intended to be used to commit or to facilitate the commission of the offense of conviction and are therefore forfeitable under to Title 18, United States Code, Section 2253, and Rules 7(c)(2) and 32.2(a) of the Federal Rules of Criminal Procedure, including items listed in **ADDENDUM B**.

19.     Defendant acknowledges and agrees that any and all property in which Defendant has an interest, and that are not already subject to direct forfeiture, are subject to forfeiture as substitute assets under Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461.

20.     Defendant agrees not to oppose, and to withdraw any previously filed opposition to, any administrative or judicial forfeiture action related to the conduct described in the Indictment filed in this case.  Defendant waives any right to receive any notices or pleadings filed in any forfeiture action related to the conduct described in the Indictment and agrees that a default or final judgment of forfeiture may be entered against Defendant's interest without further notice to Defendant or Defendant's attorney.

21.     Defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the Indictment, announcement of the forfeiture at sentencing, and incorporation of the forfeiture into the judgment. Defendant waives all rights to any further notice or right to participate in any ancillary proceeding or any other proceeding

pertaining to this forfeiture. Defendant waives the right to be informed of any potential forfeiture at the time Defendant's guilty plea is accepted, pursuant to Rule 11(b)(1)(J).

22.     This Court shall retain jurisdiction to settle any disputes arising from application of this cause. Defendant agrees that forfeiture of substitute assets, as authorized in this Plea Agreement and by 21 U.S.C. § 853(p), shall not be deemed an alteration of Defendant's sentence and that forfeiture of the assets described above shall not be treated as satisfaction of any restitution, fine, cost of imprisonment, or any other penalty the Court may impose upon the Defendant in addition to forfeiture.

23.     Defendant hereby waives any and all constitutional and statutory challenges he could raise on any ground and in any manner (including by direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement, including any argument that the forfeiture constitutes an excessive fine or punishment.

24.     **Abandonment**: If any of the property is not forfeited, the Defendant abandons all right, title, and interest the Defendant may have in the property so that proper disposition, including destruction, may be made thereof by federal, state, or local law enforcement agencies involved in the investigation of the Defendant's criminal activity, without further notice or obligation whatsoever owing to the Defendant. The Defendant consents to the vesting of title to the listed property to the United States, pursuant to Title 41, Code of Federal Regulations, Section 128-48.102-1. Defendant waives any right to receive notice or a hearing with respect to any motion, pleading, order, or any other action that the Government might take to carry out the abandonment, disposition, and/or destruction of the property. Defendant's waiver includes, without limitation, all common law, statutory, and constitutional claims or challenges, on any grounds, arising at any time from, or relating to, the seizure, abandonment, disposition, and

destruction of the listed property. Defendant further agrees to hold the United States of America, its agents and employees, harmless from any claims whatsoever in connection with the seizure, abandonment, disposition, and destruction of the listed property.

## Part 5:  Factual Basis for Guilty Plea

25.     The parties stipulate and agree that the following facts establish a factual basis for the Defendant's pleas of guilty to the offenses set forth in Paragraph One, above, and that the Government would be able to establish the following facts beyond a reasonable doubt in the event this cause was to proceed to trial.

**A.     Prior Convictions:** Charles Piel is a twice convicted sex offender. On August 24, 2016, Piel was convicted of two counts of Sexual Battery, Level 6 felonies, in Hendricks County, Indiana under cause number 32D05-1601-F4-2.  On October 25, 2018, he was convicted of the felony offense of Possession of Child Pornography in Marion County, Indiana under cause number 49G15-1708-F6-032207.   Piel was required to register as a sex offender at the time of the charged conduct.

**B.     Minor Victim 1:**  In August of 2019, Charles Piel began communicating with Minor Victim 1 using the Internet and Google chat.  Minor Victim 1 was 17 years old and was in high school.

**i.**     Piel repeatedly asked Minor Victim 1 to send him visual depictions of Minor Victim 1's genitals and anus.  Minor Victim 1 sent those images to Piel using Google Hangouts.  Piel promised Minor Victim 1 that Piel would help Minor Victim 1 with his homework if Minor Victim 1 sent Piel sexually explicit images of himself.

ii.　　Piel also distributed visual depictions of minors engaged in sexually explicit conduct to Minor Victim 1 using Google Chats in September and October of 2019. They include the following visual depictions:

a.　　Filename: **2019-10-22(11).jpg**—An image which depicts a nude prepubescent male bent over, exposing his penis and anus.  Based on his face, body size, and lack of pubic hair, he appears to be 10-12 years of age.  Same male is also in another image (**filename: 2019-10-22(10).jpg**) lying naked on his back with his anus and penis exposed.

b.　　Filename: **2019-10-22(2).jpg**—This image depicts a prepubescent female.  The child is wearing only thigh-high style stockings which expose her breasts and genital areas.  Based upon her face, body size, lack of breast development, and lack of pubic hair, she appears to be between 8-10 years of age.

c.　　Filename: **2019-10-18(1).mov**—This video shows an adult male engaged in sexually explicit conduct with a prepubescent male.  The adult male is penetrating the child's mouth with his penis.  Based upon the child's face and body size, he appears to be between 10-12 years of age.

d.　　Filename: **2019-09-09.mov**—This video depicts a teen male engaged in sexually explicit conduct with a male toddler.  The adult male uses his penis to penetrate the child's anus while on a bed.  Based on the child's size, he is approximately 1-3 years of age.

e.　　Filename: **2019-09-09(1).mov**—This video shows an adult male engaged in sexually explicit conduct with a prepubescent minor

male.  Specifically, the adult male is penetrating the child's anus with his penis. Based upon the child's face and body size, he appears to be between 10-12 years of age.

    **iii.**    When Minor Victim 1 turned 18, Piel drove to Florida to pick up Minor Victim 1 and brought him back to Indiana to live with Piel.  Piel told Minor Victim 1 that if Piel's probation officer asked, Minor Victim 1 should tell the officer that he and Piel met at an amusement park when they were children.

    **iv.**    Piel and Minor Victim 1 were living together until October of 2020, when Piel was arrested on federal charges.

**C.**    **Minor Victim 2:** In the fall of 2020, Piel began an online correspondence with a 16-year-old boy who lived in Michigan.  Piel knew Minor Victim 2's age and Piel lied to Minor Victim 2's family about his own age so that he could meet in person with Minor Victim 2.

    **i.**    Over Labor Day weekend of 2020 (September 5-7, 2020), Piel drove to Michigan to Minor Victim 2's home.  He picked up Minor Victim 2 and his family and they all went to Sandusky, Ohio to an amusement park.  Over that weekend, Piel slept in a tent with Minor Victim 2.  Piel engaged in sexually explicit conduct with Minor Victim 2 in Ohio, for the purpose of creating a visual depiction of that conduct.  Piel recorded at least 2 visual depictions:

    **a.**    **IMG_2305.MOV** shows Piel's penis penetrating the mouth of Minor Victim 2. During the video, Piel is holding the cellular phone used to record the video.

**b.** **IMG_2306.MOV**—This 23-minute long video shows Piel penetrating the mouth of Minor Victim 2 with his penis, the lascivious display of Minor Victim 2's penis, and Piel penetrating Minor Victim 2's anus with Piel's penis.

**ii.** Piel then transported Minor Victim 2 and his family back to Michigan and returned to Indiana. Minor Victim 2's mother told Piel not to have any more contact with her son, believing that Piel was older than the 18 years Piel had told her.

**iii.** Piel knowingly transported the sexually explicit visual depictions of Minor Victim 2 into the Southern District of Indiana, where he kept them until he was arrested on October 13, 2020 and his iPhone was seized by police.

**iv.** Piel continued communicating with Minor Victim 2 using Google Hangouts. Piel also communicated with Minor Victim 2 using Zoom, during which Minor Victim 2 would masturbate and Piel recorded the online conduct using an application called Record It. Piel maintained these visual depictions of Minor Victim 2 engaged in sexually explicit conduct on his iPhone.

**v.** Piel distributed one of the videos of Minor Victim 2 engaged in sexually explicit conduct (recorded in Ohio) to Minor Victim 2 on October 6, 2020.

**D.** Piel also possessed child pornography in his Google, Instagram, and Snapchat accounts.

**E.** **Interstate and Foreign Commerce:** The device used by the Defendant to produce the visual depictions of Minor Victim 2 was not manufactured in the State of

Indiana and therefore travelled in interstate and foreign commerce. The Defendant transported the visual depictions of Minor Victim 2 across state lines into Indiana from Ohio and Michigan, and he distributed at least 1 visual depiction of Minor Victim 2 to the minor using the internet, which is a means and facility of interstate and foreign commerce. Piel used the Internet to distribute child pornography to Minor Victim 1 and receive sexually explicit images of Minor Victim 1.

      **F.**    **Venue:** Piel's crimes were committed in the Southern District of Indiana and elsewhere.

**26.** The Defendant admits that each and every fact alleged in the Information is true. The parties stipulate and agree that the Government could prove each and every fact alleged in the Information to a jury beyond a reasonable doubt if the case went to trial and that such facts establish a sufficient factual basis for the Defendant's pleas of guilty to the offenses set forth in paragraph 9, above. The parties acknowledge that such facts are only a summary of the Government's evidence. The parties reserve the right to present additional evidence at the time of sentencing, if they so choose, and this paragraph is not intended to foreclose the presentation of such additional evidence.

## Part 6: Other Conditions

**27.** **Background Information:** The Defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the Defendant for the purpose of imposing an appropriate sentence. The Defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the Defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

28.    **Good Behavior Requirement:**  The Defendant agrees to fully comply with all conditions of release imposed by the Court during all stages of this case.  If the Defendant fails to fully comply with such conditions, then the Government may withdraw from this Agreement.

29.    **Compliance with Federal and State Laws:**  The Defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the Defendant abiding by federal and state laws.

30.    **Potential Civil Commitment:**  The Defendant has been advised, and understands, that pursuant to 18 U.S.C. § 4248, he faces potential civil commitment as a sexually dangerous person following the expiration of his term of imprisonment.  He understands that any potential civil commitment would be the subject of a separate civil proceeding.  He further understands that no one, including his attorney or the Court, can predict with certainty the effect of his conviction on such a civil commitment determination or the likelihood that civil commitment would be imposed.  He understands that civil commitment can be imposed for an indefinite period of time.  He nevertheless affirms that he wants to plead guilty regardless of any potential civil commitment consequences that his plea may entail.

31.    **Sex Offender Registration:**  The Defendant shall register as a sex offender with the appropriate authorities of any state in which he resides, is employed, or attends school as required by both federal and state law, pursuant to 18 U.S.C. § 3583(d) and the Sex Offender Registration and Notification Act (SORNA) at 42 U.S.C. § 16913, et seq.

32.    **Contact Restriction:** The Defendant may have no contact with Minor Victim 1 or Minor Victim 2 and any person living with him throughout Piel's entire sentence.

<u>**Part 7:  Sentencing Guideline Stipulations**</u>

33.     **Guideline Computations:**  Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below.  The parties understand and agree that these Stipulations are binding on the parties but are only a recommendation to the Court and that the Court will determine the advisory sentencing guidelines applicable in this case.  The parties agree that, under operation of U.S.S.G §4B1.5, the Defendant's Criminal History Category is V.  The 2018 version of the Sentencing Guidelines has been used by the parties to make the stipulations set forth below.

A.     **Chapter 2:** Count 1-Sexual Exploitation of a Child

   i.     **Base Offense:**  Count 1 carries a base offense level of **<u>32</u>**.  U.S.S.G. § 2G2.1(a).

   ii.     **Sexual Conduct:**  The offense involves the commission of a sexual act or sexual conduct.  This results in a **<u>2</u>**-level increase.  U.S.S.G. § 2G2.1(b)(2)(A).

   iii.     **Distribution**:  The Defendant knowingly engaged in distribution.  This results in a **<u>2</u>**-level increase.  U.S.S.G. § 2G2.1(b)(3).

   i.     **Use of Computer**: For the purpose of producing sexually explicit material, the offense involved the use of a computer or an interactive computer service to solicit participation with a minor in sexually explicit conduct.  This results in a **<u>2</u>**-level increase.  U.S.S.G. § 2G2.1(b)(6).

   iv.     **Subtotal:  <u>38</u>**

B.     **Chapter 2:** Distribution / Receipt of Child Pornography

   i.     **Base Offense level:** The base offense level is **<u>22</u>**.  U.S.S.G. 2G2.2(a)(2)

ii.      **Age of Victims**:  The material involved a prepubescent minor or a minor who had not attained the age of 12 years.  This results in a **2**-level increase.  U.S.S.G. 2G2.2(b)(2).

iii.      **Distribution**:  The offense involved distribution to a minor.  This results in a **5**-level increase. U.S.S.G. 2G2.2(b)(3)(C)

iv.      **Extreme Material**:  The offense involved material that portrays sexual abuse or exploitation of an infant or toddler.  This results in a **4**-level increase. U.S.S.G. 2G2.2(b)(4)(B).

v.      **Pattern of Activity**:  The Defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor. This results in a **5**-level increase. U.S.S.G. 2G2.2(b)(5).

vi.      **Use of Computer:**  The offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material.  This results in a **2**-level increase.  U.S.S.G. 2G2.2(b)(6)

vii.      **Number of images:**  The offense involved more than 600 images.  This results in a **5**-level increase.  U.S.S.G. 2G2.2(b)(7)(D)

viii.      **Chapter 2 Subtotal:  45**

**C.      Chapter 3: Multiple Counts**

| Group # | Adjusted Offense Level | Units |
|---------|------------------------|-------|
| 1/Ct. 1 | 38 | .5 |
| 2/Ct. 2 | 45 | 1 |
| Total Number of Units: | | **1.5** |

Increase in Offense Level (§3D1.4.):                    **1**

**Combined Offense Level:**  The combined offense level would be **46** U.S.S.G.

§3D1.4

**D.**    **Acceptance of Responsibility:**  To date, the Defendant has demonstrated

a recognition and affirmative acceptance of personal responsibility for the Defendant's

criminal conduct.  Based upon the Defendant's willingness to accept a Plea Agreement

and enter a plea of guilty to the criminal conduct noted in this agreement [and the

Defendant's agreement to cooperate in and not to contest the forfeiture of the property

described above], the Government agrees that the Defendant should receive a **two (2)**

**level** reduction *provided* the Defendant satisfies the criteria set forth in Guideline

§3E1.1(a) up to and including the time of sentencing.  The Defendant timely notified the

Government of Defendant's intention to enter a plea of guilty, thereby permitting the

Government and the Court to allocate their resources efficiently.  After the Defendant

enters a plea of guilty, the Government intends to file a motion pursuant to U.S.S.G.

§3E1.1(b) requesting that the Court decrease the offense level by **one (1) additional**

**level**.  The parties reserve the right to present evidence and arguments concerning the

Defendant's acceptance of responsibility at the time of sentencing.

Reduction for Acceptance of Responsibility:  The Defendant's total offense level is

reduced by **3** levels for timely acceptance of responsibility.  U.S.S.G. § 3E1.1.

**Offense Level:**        **43**

**E.**    **Final Offense Level:  43**

**Part 8:  Waiver of Right to Appeal**

**34.** **Direct Appeal:** The Defendant understands that the Defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, the Defendant expressly waives the Defendant's right to appeal the conviction and sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. The Defendant further expressly waives any and all challenges to the statute to which the Defendant is pleading guilty on constitutional grounds, as well as any challenge that the Defendant's admitted conduct does not fall within the scope of the applicable statute. This waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the length and conditions of supervised release and the amount of any fine.

**35.** **Later Legal Challenges:** Additionally, the Defendant expressly agrees not to contest, or seek to modify, the Defendant's conviction or sentence or the manner in which either was determined in any later legal proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255, <u>except</u> as follows:

    **A.** **Ineffective Assistance of Counsel:** As concerns the Section 2255 waiver, the waiver does not prevent claims, either on direct or collateral review, that the Defendant received ineffective assistance of counsel.

    **B.** **Retroactive Sentencing Guidelines Reductions:** As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the Defendant's offense(s) and explicitly make such an amendment retroactive, the Government agrees that it will not argue that this waiver bars the Defendant from filing a

motion with the district court pursuant to 18 U.S.C. § 3582(c)(2) based on that retroactive Guidelines amendment. However, if the Defendant files such a motion, the Government may oppose the motion on any other grounds. Furthermore, should the Defendant seek to appeal an adverse ruling of the district court on such a motion, this waiver bars such an appeal.

      **C.**      **Motions for Compassionate Release:** As concerns this Section 3582 waiver, the Defendant reserves the right to file one (and only one) motion seeking a "compassionate release" sentence reduction pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A)(i) based on "extraordinary and compelling reasons" established by the Defendant and consistent with U.S.S.G. § 1B1.13 application note 1(A) & (C) (or, in the event of amendment of those U.S.S.G. provisions, the provisions, if any, with the same effect at the time of the filing of the motion for sentence reduction). However, the Defendant waives any right to file more than one motion on that basis. This waiver also bars an appeal from the District Court's decision regarding that motion. The government further reserves the right to oppose any motion for compassionate release on any other grounds.

**36.**      **No Appeal of Supervised Release Term and Conditions:** The Defendant waives the right to appeal the length and conditions of the period of supervised release.

. **Part 9:  Presentence Investigation Report**

**37.**      The Defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

**38.**      The Defendant further requests and consents to the review of the Defendant's

Presentence Investigation Report by a Judge, Defendant's counsel, the Defendant, and the Government at any time, including prior to entry of a formal plea of guilty.

### Part 10:  Immigration Consequences

**39.**     The Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses, including the offenses to which the Defendant is pleading guilty.  The Defendant also recognizes that removal will not occur until service of any sentence imposed in this case has been completed.  Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict to a certainty the effect of the conviction in this case on the Defendant's immigration status.  The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is the Defendant's removal from the United States.

### Part 11:  Statement of the Defendant

**40.**     By signing this document, the Defendant acknowledges the following:

**a.**     I have received a copy of the Information and have read and discussed it with my attorney.  I believe and feel that I understand every accusation made against me in this case. I wish the Court to omit and consider as waived by me all readings of the Indictment/Information in open Court, and all further proceedings including my arraignment.

**b.**     I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Information, and believe and feel that my

attorney is fully informed as to all such matters.  My attorney has since informed, counseled and advised me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

    **c.**      I have read the entire Plea Agreement and discussed it with my attorney.

    **d.**      I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

    **e.**      Except for the provisions of the Plea Agreement, no officer or agent of any branch of Government (federal, state or local), nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty."  I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the expense and inconvenience of a trial.  I understand that before it imposes sentence, the Court will address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

    **f.**      I am fully satisfied with my attorney's representation during all phases of this case.  My attorney has done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

    **g.**      I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

    **h.**      I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime(s) to which I am entering my plea.

**i.** I understand that if convicted, a Defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

**j.** My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

**k.** My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two-level increase in the offense level.

**l.** If this cause is currently set for trial on the Court's calendar, I request that this date be continued to permit the Court to consider this proposed guilty Plea Agreement. I further understand that any delay resulting from the Court's consideration of this proposed guilty Plea Agreement, up to and including the date on which the Court either accepts or rejects my guilty plea, will be excluded in computing the time within which trial of this cause must commence, pursuant to 18 U.S.C. § 3161(h)(1)(G).

### Part 12: Certificate of Counsel

41. By signing this document, the Defendant's attorney and counselor certifies as follows:

     **a.** I have read and fully explained to the Defendant all the accusations against the Defendant which are set forth in the Information in this case;

     **b.** To the best of my knowledge and belief each statement set forth in the foregoing petition to enter plea of guilty and Plea Agreement is in all respects accurate and true;

     **c.** The plea of "Guilty" as offered by the Defendant in the foregoing petition to enter plea of guilty and Plea Agreement accords with my understanding of the facts as related to me by the Defendant and is consistent with my advice to the Defendant;

     **d.** In my opinion, the Defendant's waiver of all reading of the Information in open Court, and in all further proceedings, including arraignment as provided in Rule 10, Fed. R. Crim. P., is voluntarily and understandingly made; and I recommend to the Court that the waiver be accepted by the Court;

     **e.** In my opinion, the plea of "Guilty" as offered by the Defendant in the foregoing petition to enter plea of guilty and Plea Agreement is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the Defendant as requested in the foregoing petition to enter plea of guilty and Plea Agreement.

## Part 13: Final Provision

**42.** **Complete Agreement:** The Defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the Defendant to plead guilty. This document is the complete and only Plea Agreement between the Defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to the Plea Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

JOHN E. CHILDRESS
Acting United States Attorney

*Kristina M. Korobov*

9.22.21
DATE

Kristina M. Korobov
Assistant United States Attorney

9/23/2021
DATE

Steven D. DeBrota
Deputy Criminal Chief

09-17-21
DATE

CHARLES PIEL
Defendant

09-22-2021
DATE

Gwendolyn M. Beitz
Counsel for Defendant

**Standard Conditions:**

1. You shall report to the probation office in the judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons. (supervised release cases only)

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and/or shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

**Common Special Conditions:**

You shall pay the costs associated with the following imposed conditions of supervised release, to the extent you are financially able to pay. The probation officer shall determine your ability to pay and any schedule of payment.

**1.      Substance Abuse Treatment, Testing, and Abstinence**

If recommended by your probation officer, you shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.

You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.

You shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, Spice, glue, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption.

**2.      Mental Health Treatment**

You shall participate in a mental health treatment program, as approved by the probation officer, and abide by the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). You shall take all mental health medications that are prescribed by your treating physician. The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

**3.      Financial Requirements and Restrictions**

You shall provide the probation officer access to any requested financial information and shall authorize the release of that information to the U.S. Attorney's Office for use in connection with the collection of any outstanding fines and/or restitution.

You shall not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

**4.      Employment Restrictions**

All employment shall be approved in advance by the probation officer. All employment will be verified by the probation officer with signed affidavits from your employers attesting to your employment. You may not be employed in any "Adult entertainment" position or work in a strip club.

## 5. Association and Contact Restrictions

You shall not have <u>unsupervised</u> meetings, activities, or visits, or intentional communications with any minor unless they have been disclosed to the probation officer and approved by the court. You shall not have <u>supervised</u> meetings, activities, visits, or intentional communications with any minor unless they have been approved by the probation officer. Before you may request approval for such meetings, activities, visits, or intentional communications (unsupervised or supervised), you must notify the person(s) having custody of any such minor(s) about the conviction in this case and the fact that you are under supervision.

You shall not be employed in any position or participate as a volunteer in any activity that involves unsupervised meetings, intentional communications, activities, or visits with minors except as disclosed to the probation officer and approved by the court.

You shall not participate in unsupervised meetings, intentional communications, activities, or visits with persons you know to be a registered sex offender or to have been convicted of a felony sex offense involving an adult or minor, including any child pornography offense, except as disclosed to the probation officer and approved by the court. This condition is not intended to prevent you from participating in treatment programs or religious services with felons in such programs/services so long as the activity has been disclosed as described above.

You shall not engage in any meetings, communications, activities, or visits with Minor Victim 1 as specified in the Plea Agreement.

## 6. Place Restrictions

You shall not knowingly enter any strip club or adult entertainment establishment.

## 7. Search and Seizure

You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.

## 8. Restrictions on Viewing Sexually Explicit Materials

You shall not possess any child pornography or visual depictions of child erotica or nude minors. Any such material found in your possession shall be considered contraband and will be confiscated by the probation officer.

## 9. Sex Offense-Specific Assessment, Treatment, and Physiological Testing

You shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The treatment provider should determine the type and timing of such polygraph examinations. The court authorizes the release of the presentence report and available psychological evaluations to the treatment provider, as approved by the probation officer.

**10.     Computer and Internet Restrictions**

You shall consent, at the direction of the probation officer, to having installed on your computer(s), telephone(s), electronic devices, and any hardware or software, systems to monitor your use of these items.   Monitoring will occur on a random and/or regular basis.   You will warn other occupants or users of the existence of the monitoring hardware or software.   To promote the effectiveness of this monitoring, you shall disclose in advance all cellular phones, electronic devices, computers, and any hardware or software to the probation officer and may not access or use any undisclosed equipment.

## **ADDENDUM B**

Any and all property seized from the Defendant on or about October 13, 2020, including the following, as well as any data contained on any electronic device: iPhone.